**Jesse MAXWELL, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 50994.

Missouri Court of Appeals,
Eastern District.
Division Six.

March 17, 1987.

Robert Wolfrum, Asst. Public Defender, St. Charles, for movant-appellant.

William L. Webster, Atty. Gen., Kurt A. Hentz, Asst. Atty. Gen., Jefferson City, for respondent.

DONALD L. MANFORD, Special Judge.

This is a direct appeal from the denial of post-conviction relief sought pursuant to a Rule 27.26 motion. The judgment is affirmed.

Appellant's sole point, in summary, charges that the trial court erred in denying him post-conviction relief when it held that the Circuit Court in Callaway County was without jurisdiction to accept a memorandum of nolle prosequi following the transfer of the case to Cape Girardeau County.

The pertinent facts are as follows:

A charge of assault, first degree, was originated in Callaway County Circuit Court. Movant filed and was granted a change of venue. The case was transferred to the Circuit Court in Cape Girardeau County on July 19, 1982. Plea negotiations were entered into between the parties. The Circuit Court of Cape Girardeau County received the original court papers and records on July 21, 1982. The case came on for trial on December 16, 1982. Following the jury voir dire, the prosecution was granted leave to amend the information reducing the charge to assault, second degree. On the same date, movant entered his plea of guilty to the reduced charge. Movant was sentenced on January 3, 1983. On March 3, 1983, movant originated this Rule 27.26 proceeding. His motion was amended by counsel. Movant has asserted that the Circuit Court of Cape Girardeau had no jurisdiction over him because of a nolle prosequi entry made by the Circuit Court in Callaway County on October 15, 1982. At the evidentiary hearing on the Rule 27.26 motion, it was disclosed that the prosecution intended to file a new charge against movant, but the judge and clerk apparently erroneously entered the new charge in the previous or "old" case file. The Circuit Court of Cape Girardeau County specifically found there had been a proper change of venue and transfer of the case from Callaway County to Cape Girardeau County and hence, the nolle prosequi of Callaway County was a nullity based upon

the lack of jurisdiction by the Callaway County Circuit Court. This appeal followed.

There is no merit to movant's assertion. The record reveals that pursuant to movant's motion for change of venue, the case was transferred from the Callaway County Circuit Court to the Cape Girardeau Circuit Court, and all records and papers were transferred to the Cape Girardeau Court. Hence, when such transfer was complete, the Cape Girardeau Court and not the Callaway Court had jurisdiction of the movant and the case as if the case had originated in the Cape Girardeau Court. Rule 32.14.

Had the prosecution and movant consented anytime prior to the transfer of the records and papers in the case, the Callaway Court could have annulled the change of venue order. Rule 32.13. There is no evidence of any such consent or annulment herein. Thus, the Circuit Court of Cape Girardeau was correct in its finding that the Circuit Court of Callaway County had no jurisdiction and the entry of nolle prosequi was in fact a nullity.

Obviously aware of the requirements of Rule 32.13 and the effect of Rule 32.14, movant further asserts that there was an agreement to retransfer the case back to Callaway County. This assertion is based upon a record stipulation which movant contends is an agreement to retransfer. Review of that stipulation, however, clearly reveals the stipulation to be an agreement that the docket sheets of the circuit court could be made a part of the court file in the present proceeding. There is by no stretch of the imagination any stipulation or agreement which would come within the purview of Rule 32.02.

The Circuit Court of Cape Girardeau unquestionably had jurisdiction of this case and to accept movant's plea of guilty. Correspondingly, at the same moment, the Circuit Court of Callaway County was without jurisdiction in the matter. The Circuit Court of Cape Girardeau made the correct finding and entered a proper judgment based upon the lack of jurisdiction in the Callaway County Circuit Court and that the actions by that court were a nullity.

The judgment is affirmed.

DOWD, P.J., and REINHARD, J., concur.