**STATE of Missouri, Respondent,**

v.

**Michael HURST, Appellant.**

**Michael HURST, Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 60038, 61522.**

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 19, 1993.

Judith LaRose, Columbia, for appellant.

William L. Webster, Atty. Gen., Michael J. Spillane, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

A consolidated appeal. Defendant was convicted of first degree robbery and armed criminal action. He was sentenced to concurrent terms of thirty year's imprisonment as a class X offender. He appeals from the denial of his Rule 29.15 motion and from his convictions and sentences. We affirm.

On November 7, 1988, at about 8 p.m., John Wilhelm (Victim) had just pulled into his driveway. As he reached over to unbuckle his son's car seat, he noticed a large, four-door yellow- or cream-colored car driving by. He then saw a person move across his driveway. Defendant, who was holding a revolver, appeared next to Victim's car, inside the open doorway of the driver's side. Defendant held the gun to Victim's head and asked for his wallet and for him to empty his pockets. Defendant took the wallet and left.

Victim, hearing a car drive by, ran to get a look. He saw the same yellow vehicle that he had seen immediately before the

robbery. He phoned police. When an officer arrived, Victim gave the officer a description of the car and of Defendant. He described Defendant as a black male wearing a brown leather jacket. The officer broadcasted these descriptions over his police radio. Victim also described the gun as a grey, small caliber revolver.

During the officer's interview with Victim, the officer received a call on his police radio telling him that suspects had been apprehended. The officer took Victim to where another man and Defendant, who was wearing a brown leather jacket, had been apprehended. Victim identified the car in which the suspects had been riding as the car he had seen and Defendant as the man who robbed him. Police found a small caliber revolver in the glove compartment of the car.

In his first point relied on, Defendant asserts the trial court plainly erred by "taking judicial notice of . . . [Defendant's] alleged earlier convictions and in failing to make specific findings of fact warranting a finding that [Defendant] was a class x offender . . . in that [§] 558.019 and [§] 558.-021 require that sufficient evidence be introduced to warrant a finding beyond a reasonable doubt that [Defendant] was a class x offender and that the court make findings of fact that warrant such finding."

■ In order to prevail on a claim of plain error, a defendant must show the error "so substantially affects the rights of the accused that manifest injustice or miscarriage of justice inexorably results if left uncorrected." *State v. Burgess*, 800 S.W.2d 743, 746[7] (Mo. banc 1990) (citations omitted).

■ Section 558.019.4(3) defines a class X offender as "one who has previously pleaded guilty to or has been found guilty of three felonies committed at different times." Section 558.021.1(3) provides that, before determining a defendant to be a class X offender, a court must make findings which warrant that conclusion beyond a reasonable doubt.

State's attorney asked the judge to receive into evidence or take judicial notice of four circuit court files containing prior convictions of the Defendant. The files were physically before the court. The trial judge said, "The court will take judicial notice of those files. But how do I know it's the right Michael Hurst?" State's attorney verbally described the dates, pleas, convictions and sentences in each file. The judge directed defense attorney to review the files. Defense attorney did not object to the records; her only comment was that State's attorney, in describing the files, had miscalculated the number of years to which Defendant had been sentenced. State's attorney also introduced into evidence a certified copy of the Missouri Department of Corrections and Human Resources certified transcript of serial record, to show that Defendant spent at least one hundred and twenty days in the custody of the Missouri Department of Corrections. *See* 558.019.2.

In the trial judge's findings of fact, she recited felonies committed by Defendant on three different occasions. The conviction files, however, were never actually entered into evidence.

When the showing of the existence of a court record "is essential to enable a party to a cause to bear his burden of proof upon some matter at issue therein, then the record itself must be introduced in evidence, *absent an admission of its contents by opposing counsel.*" *State v. Pennick*, 364 S.W.2d 556, 559[2] (Mo.App.1963) (citations omitted, emphasis added); *accord State v. Cullen*, 646 S.W.2d 850, 855[7] (Mo.App. 1982). "Requiring the introduction of the other file into evidence insures an intelligible record for review, for the appellate court cannot take 'a corresponding judicial notice.'" *State v. Weber*, 814 S.W.2d 298, 303[8] (Mo.App.1991) *quoting Pennick*, 364 S.W.2d at 559[2]. "And, the introduction of the other court file into evidence may also be accomplished by the court taking judicial notice of the file if it is physically before it." *Weber*, 814 S.W.2d at 304[8].

Here, the court had the conviction files physically before it. State's attorney read the substance of the files into evidence. The trial judge, in her findings, specifically stated which of the convictions she relied

upon in determining Defendant to be a class X offender. Further, although defense attorney did not expressly admit to the contents of the files, she reviewed the files, listened to State's attorney summarize Defendant's convictions, and had no objections bearing on Defendant's status as a class X offender. We find no error.

In his second point, Defendant contends "the trial court erred when it overruled [defense attorney's] objection to [State's attorney's] argument that the jury should [not allow] '[Defendant], a dangerous person, to commit crimes such as this again.'"

In closing argument, State's attorney started to tell the jury, "Don't, please don't give [Defendant] a verdict of not guilty, and turn him loose to...." Defendant objected. His objection was sustained; the jury was instructed to disregard the comment. Later, over defense attorney's objection, State's attorney told the jury, "What I would ask you is that you not return a verdict of not guilty, and allow [Defendant], a dangerous person, to commit crimes such as this again." Defendant's objection to the comment was overruled.

■ It is improper for the state to speculate about future crimes a defendant may commit. *See State v. Long*, 768 S.W.2d 664, 666[2] (Mo.App.1989). However, "a conviction will be reversed for improper argument only if it is established that the argument or the comments had a decisive effect on the jury verdict or that the trial court abused its discretion." *Id.* at 666[3].

■ Other than these two instances, State's attorney did not attempt to allude to Defendant's propensity toward future criminal activity. Also, the first remark, because it was interrupted, was not a clear reference to Defendant's criminal propensity, and the jury was instructed to disregard it. The second remark was not spoken in such terms as would spark personal fear in the jurors. Further, the prosecutor's argument focussed principally on Victim's identification of Defendant and the corroborating details about the car and gun. Considering these factors, we find prosecutor's brief remarks could not have elicited such

prejudice so as to have had a decisive effect on the case and the trial court did not abuse its discretion. *See Id.* at 667[3].

Furthermore, the evidence against Defendant was overwhelming. During the robbery, Defendant stood close to Victim, and Victim stated he got a good look at him. After the robbery, Victim described to police the car Defendant used to flee the robbery, and he described Defendant. Within twenty minutes of the call, police, using Victim's descriptions, apprehended two suspects. Victim identified one of the suspects as Defendant and identified the car at the scene. He identified the car and Defendant again at trial. A small caliber revolver was found in the glove compartment of the car. Victim identified this gun at trial as the gun Defendant used to rob him. Given the overwhelming evidence, we find no prejudice warranting reversal. *See State v. Caudill*, 789 S.W.2d 213, 216–17[10] (Mo.App.1990).

Judgment of the trial court is affirmed.

AHRENS, P.J., and REINHARD, J., concur.