STATE of Missouri, Plaintiff–
Respondent,

v.

Tamara L. COCHRANE, Defendant–
Appellant.

No. 19841.

Missouri Court of Appeals,
Southern District,
Division Two.

June 5, 1995.

Rosalynn Koch, Office of the State Public Defender, Columbia, for defendant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., David G. Brown, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

GARRISON, Judge.

Defendant was convicted by a jury of the Class C felony of stealing property with a value of $150 or more, § 570.030,[1] and was sentenced by the trial court to six years' imprisonment, as a prior offender pursuant to §§ 558.016 and 557.036.4. She alleges on this appeal that the jury, rather than the trial court, should have assessed her punishment because the State failed to prove her status as a prior offender by competent evidence.

> Section 557.036 provides, in pertinent part:
> 2. The court shall instruct the jury as to the range of punishment authorized by statute and upon a finding of guilt to assess and declare the punishment as a part of their verdict, unless
>
> ....
>
> (2) The state pleads and proves the defendant is a prior offender ... as defined in section 558.016....

Section 558.016.2 defines a "prior offender" as "one who has pleaded guilty to or has been found guilty of one felony."

The procedure for determining whether a defendant is a "prior offender" is contained in § 558.021. It provides that the indictment

---

1. All references to statutes are to RSMo 1994.

or information must plead all essential facts warranting such a finding; evidence must be presented which warrants a finding beyond a reasonable doubt that the defendant is a prior offender (if the case is to be heard by a jury, the hearing shall be before submission to the jury and outside their hearing); and the trial court must make findings of fact that warrant a finding of defendant's status as a prior offender beyond a reasonable doubt.

In the instant case, an amended information charged that Defendant was a prior offender "in that she has pleaded guilty to or has been found guilty of a felony as follows: 1. On or about April 6, 1984 the defendant was convicted of the felony of selling a controlled substance in the McDonald County Circuit Court."

The trial court conducted a hearing, prior to the commencement of trial, to determine Defendant's status as a prior offender. At that hearing the State's only evidence was Exhibit 1 which consisted of a copy of a Judgment Of Conviction in the Circuit Court of McDonald County, Missouri based upon a plea of guilty on April 6, 1984 to the felony charge of selling a controlled substance. Attached to Exhibit 1 was a certificate by the Circuit Clerk of Newton County stating that it was a true copy of the "Judgment of Conviction in Case #CR 483–993FX (Newton County) & CR 184–3FX McDonald County." The exhibit was admitted over Defendant's objection that it was a McDonald County conviction, it was certified by the Newton County Circuit Clerk, and there was an insufficient foundation for its admission in evidence.

■ Records of other convictions and sentences must be properly authenticated and shown in order for a defendant to be sentenced as a prior offender. *See State v. Hill,* 371 S.W.2d 278, 282 (Mo.1963). In the instant case Exhibit 1 was apparently offered pursuant to § 490.130 which provides:

Copies from the record of proceedings of any court of record of this state, attested to by the clerk thereof, with the seal of the court annexed ... shall be received as evidence of the acts or proceedings of such court of record in any court of this state.

■ Defendant argues that Exhibit 1 was not admissible because it was not attested to by the Circuit Clerk of McDonald County, the county where the conviction occurred, and without the exhibit there was no competent evidence that she was a prior offender. Consequently, she contends that any sentence should have been assessed and declared by the jury and not the trial court.

The record before us indicates that the guilty plea and conviction referred to in Exhibit 1 was based on an information, signed by the prosecutor of Newton County, which alleged that the offense occurred in that county. It could be inferred that the case went, on a change of venue, from Newton to McDonald County where the conviction occurred. If that happened, however, the Circuit Court of McDonald County, and not Newton County, had jurisdiction of the case as if it had originated in that county. *See Maxwell v. State,* 726 S.W.2d 482, 483 (Mo. App.E.D.1987).

Pursuant to § 490.130, a record of proceedings of any court of record in this state, to be admissible, must be attested to by "the clerk thereof." This clearly refers to the clerk of the court in which the proceedings occurred. In this case, the record of the "proceeding" which the court admitted was a plea of guilty which occurred in McDonald County. It was not a proceeding of the Circuit Court of Newton County. Consequently, the statute did not authorize the admission in evidence of the record of that proceeding based on the attestation of the Newton County Circuit Clerk.

■ The record of proceedings from other courts should not be admitted in evidence in the absence of compliance with § 490.130. *See State v. Moore,* 882 S.W.2d 253, 263 (Mo.App.E.D.1994). We hold that Exhibit 1 was improperly admitted and that there was no evidence before the trial court upon which it could base a finding that Defendant was a prior offender.

■ Having concluded that, we must consider the appropriate remedy. In doing so, we note that Defendant has not alleged in this appeal that there was any error in the

trial of the issue of her guilt. As the courts did in *State v. Harris,* 547 S.W.2d 473, 476 (Mo. banc 1977); *State v. Hill,* 371 S.W.2d at 283; and *State v. Tate,* 657 S.W.2d 727, 729 (Mo.App.E.D.1983), the sentence in the instant case is declared void, the judgment is reversed and the cause is remanded with directions to the court to cause Defendant to be brought before it to hold a hearing on the issue of her former conviction and if proved, to pronounce sentence and judgment against her, taking all proper procedural steps required by law and Supreme Court Rules, but in the alternative, if the issue of her former conviction be found in her favor, to grant her a new trial on all issues.

CROW and PARRISH, JJ., concur.