**STATE of Missouri, Respondent,**

v.

**Ray BEERS, Jr., Appellant.**

**Ray BEERS, Jr., Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 67592, 69121.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 28, 1996.

· Gary E. Brotherton, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Kurt U. Schaefer, Asst. Atty. Gen., Jefferson City, for respondent.

HOFF, Judge.

A jury found Ray Beers, Jr. (Defendant) guilty of second degree burglary, stealing

$150.00 or more, and first degree trespassing. The trial court sentenced him as a class X offender to fifteen years imprisonment on second degree burglary, fifteen years imprisonment on stealing $150.00 or more, and one year imprisonment on trespass first degree, all sentences to be served concurrently. Defendant appeals the judgment and the denial of his Rule 29.15 [1] motion. We affirm in part and remand in part for resentencing on the trespass conviction.

Defendant alleges three points on direct appeal. First, the trial court erred in sentencing Defendant as a class X offender. Secondly, the trial court exceeded the maximum sentence for trespass first degree. Thirdly, the trial court erred in failing to declare a mistrial *sua sponte* during the State's closing rebuttal argument.

The evidence is not in dispute. On December 14, 1994, Defendant was convicted by jury of second degree burglary, § 569.170 RSMo 1986, stealing $150.00 or more, § 570.030 RSMo 1986, and first degree trespass, § 569.140 RSMo 1986. On January 6, 1995, the trial court found Defendant was a persistent and class X offender, and sentenced him to fifteen years imprisonment for the burglary count, fifteen years imprisonment for the stealing count, and one year imprisonment for the trespass count, all sentences to be served concurrently. On May 23, 1995, Defendant filed a Rule 29.15 motion to vacate, set aside, or correct the judgment or sentence. On August 1, 1995, the State filed a motion to dismiss Defendant's Rule 29.15 motion for untimely filing. The trial court thereafter granted the State's motion to dismiss. This appeal followed.

■ In his first point on appeal, Defendant contends the trial court erred in sentencing him as a class X offender pursuant to § 558.019 RSMo Cum.Supp.1993, which requires him to serve 80 percent of his fifteen year sentence. Defendant argues that because the class X offender status was eliminated by amendment to the statute in Au-

gust, 1994, and he was sentenced on January 6, 1995, he cannot be sentenced as a class X offender. We disagree.

Defendant asserts he is entitled under § 1.160(2) RSMo 1994, to the benefit of the new sentencing provision. Section 1.160(2) states:

That if the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense prior to original sentencing, the penalty or punishment shall be assessed according to the amendatory law.

This section does not support Defendant's position. If there is an alteration of the *law creating the offense* that lessens or reduces punishment prior to sentencing, Defendant receives the benefit of the lesser sentence. However, the amendment in question was to § 558.019, not the statute creating the offense, § 569.170.[2] Section 558.019 is not an offense creating statute; it merely classifies defendants for sentencing purposes. Therefore, § 1.160(2) does not support Defendant's contention.

■ The trial court correctly sentenced Defendant as a class X offender under § 558.019. The amendment eliminating the class X offender classification is, by its own terms, applicable only to offenses occurring on or after August 28, 1994. § 558.019.7; *State v. Dean*, 898 S.W.2d 704, 706 (Mo.App. W.D.1995); *State v. Harris*, 908 S.W.2d 912, 917 (Mo.App. E.D.1995). Defendant committed the offenses on October 4, 1993. Defendant does not benefit from the 1994 amendment to § 558.019 because the crime occurred before its effective date. Point I denied.

■ In his second point on appeal, Defendant asserts the trial court erred in sentencing him to one year imprisonment upon his conviction for first degree trespass. The State concedes this point.

First degree trespass is a class B misdemeanor. § 569.140.3 RSMo 1986. Imprison-

---

1. All Rules cited refer to Missouri Supreme Court Rules, 1995.

2. We assume the trial court's classification of Defendant as a class X offender is based solely on

the second degree burglary charge because class X offender status only applies to class A, B, or dangerous felonies. § 558.019 RSMo 1993.

ment for a class B misdemeanor is "not to exceed six months." § 558.011.1(6) RSMo 1986. Because Defendant's sentence upon his first degree trespass conviction exceeds the maximum provided by law, we remand Defendant's conviction for resentencing in accordance with § 558.011.1(6) RSMo 1986.

In his third point on appeal, Defendant argues the trial court erred in failing to declare a mistrial *sua sponte* during the State's rebuttal closing argument. Specifically, Defendant contends "the prosecutor injected matters into the minds of the jurors which were wholly inappropriate for their consideration and which diverted their attention from the issues by denigrating defense counsel." Defendant contends the prosecutor argued "the only person" who lied at trial is the defense, and thereafter, made it clear to the jury that "the only person" to whom he was referring was defense counsel.

The portions of closing argument at issue are:

MR. CALHOUN: In his argument, Mr. Hartig has accused Rex Baumgartner of lying; that police officer is lying, he says. He's accused Officer Wolfe of lying about not seeing what he saw in the garage. He accused Officer Prince of lying about finding the shirt right outside the Hacketts' bushes. He accused Officer Guttman of lying about any conversation he had with the defendant. And now he's even accused the Baders of lying, saying that the window was broken from the inside. I mean, do you think the Baders broke their own window?

The only person who has lied here today, ladies and gentlemen, is the defense. That's the only lie that has occurred here today. How do you know? What did Mr. Hartig say when he came up here on his opening statement? He was going to prove to you by his evidence that he had a car, that he was traveling on Highway 40, and his exact words were, his car overheated and broke down and he got out of this car and—

MR. HARTIG: Object to the attempt to shift the burden of proof.

THE COURT: Overruled.

MR. CALHOUN:—he got out his car and went to the Hacketts' garage looking for help. Where is the evidence of that? He didn't present you with any evidence of that because there is none because it's a lie. And why is it a lie? Because he's got to explain somehow why is he in the Hacketts' garage.

■ Defendant concedes this point is not properly preserved for appeal because no objection was made at trial. Therefore, we review only for plain error under Rule 30.20. We may reverse only if the closing argument so impacted upon the defendant's rights as to result in manifest injustice or a miscarriage of justice. Rule 30.20; *State v. Plummer*, 860 S.W.2d 340, 349 (Mo.App. E.D.1993).

■ Relief should rarely be granted on assertions of plain error in closing argument. *State v. Clemmons*, 753 S.W.2d 901, 907 (Mo. banc 1988). In absence of an objection and a request for relief, the trial court takes the risk that uninvited interference with summation will result in a corresponding increase of error by such intervention. *Id.* at 907–908. To be entitled to relief under the plain error rule, Defendant has a higher burden than a mere showing of demonstrable prejudice. *State v. Parker*, 856 S.W.2d 331, 332 (Mo. banc 1993). Defendant must show manifest prejudice affecting his substantial rights. *Id.*

■ When reviewing closing argument for plain error, substantial latitude is allowed; even an improper argument does not justify relief unless Defendant has demonstrated the argument had a decisive effect on the jury. *State v. Plummer*, 860 S.W.2d at 349. When argument is retaliatory, considerably more leeway is granted. *State v. Mease*, 842 S.W.2d 98, 109 (Mo. banc 1992). Additionally, brief, isolated, non-repetitive remarks of state counsel in closing remarks rarely result in plain error. *State v. McGee*, 848 S.W.2d 512, 515 (Mo.App. E.D.1993).

■ We have reviewed the remarks Defendant finds objectionable. We find no evidence presented by Defendant which demonstrates the prosecutor's remarks had a decisive effect on the jury. The trial court may have taken corrective action had the State's comments in closing argument been

the subject of an objection by defense counsel. However, this Court is unable to conclude that any of the challenged remarks made by the State had a decisive impact on the jury which resulted in a manifest injustice or miscarriage of justice. Nor did any of the State's comments require the trial court to take remedial measures *sua sponte.* There is no plain error requiring reversal. Point III denied.

Defendant also appeals the denial of his Rule 29.15 motion as untimely. He argues the trial court erred in dismissing his Rule 29.15 motion because, although the motion was filed past the deadline, he mailed the motion five days before it was due. Additionally, Defendant challenges the deadline as being violative of his due process rights under the United States and Missouri Constitutions, because post-conviction relief pursuant to Rule 29.15 has no late filing provision.

Rule 29.15(b) provides:

A person seeking relief pursuant to this Rule 29.15 shall file a motion to vacate, set aside or correct the judgment or sentence substantially in the form of Criminal Procedure Form 40. If an appeal of the judgment sought to be vacated, set aside or corrected was taken, the motion shall be filed within thirty days after the filing of the transcript in the appeal pursuant to Rule 30.04.... Failure to file a motion within the time provided by this Rule 29.15 shall constitute a complete waiver of any right to proceed under this Rule 29.15.

The time limitations contained in Rule 29.15 are reasonable, valid, and mandatory. *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989). Relief under Rule 29.15 exists only within the time limit specified within the rule. *Kilgore v. State,* 791 S.W.2d 393, 395 (Mo. banc 1990).

Defendant filed the transcript on appeal with this court on April 21, 1995. His motion to vacate, set aside, or correct the judgment or sentence under Rule 29.15 was filed on May 23, 1995. Defendant exceeded the thirty day time limitation for filing his motion under Rule 29.15 and relief is, therefore, barred.

We find no error in the trial court's dismissal of Defendant's Rule 29.15 motion for untimely filing. Point IV is denied.

Judgment and denial of Rule 29.15 motion affirmed in part, and remanded in part for resentencing on the trespass conviction.

PUDLOWSKI, P.J., and SIMON, J., concur.