**STATE of Missouri,
Plaintiff/Respondent,**

v.

**Carl JOHNSON, Defendant/Appellant.**

No. ED 83773.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 16, 2004.

Amanda R. Schehr, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Richard A. Starnes, Assistant Attorney General, Jefferson City, MO, for respondent.

## OPINION

MARY K. HOFF, Judge.

Carl Johnson (Defendant) appeals from the trial court's judgment and sentence imposed after a jury found him guilty of: 1) one count of second-degree burglary, in violation of Section 569.170; 2) one count of misdemeanor stealing, in violation of Section 570.030; and 3) one count of making a false statement, in violation of Section 575.060.[1] We affirm the judgment as to Defendant's first and second points on appeal, pursuant to Rule 30.25(b). We reverse the trial court's judgment as to Defendant's third point on appeal regarding his sentence and remand for further proceedings consistent with this opinion.

## Facts

Defendant does not challenge the sufficiency of the evidence to support his con-

victions; thus, a brief summary of the procedural facts of the case will suffice for our review. Defendant was charged by indictment with the offenses listed above. In the indictment, the State also charged Defendant as a prior offender because he had pled guilty to felony stealing in 1998 in Cause No. 971–3921. Before trial, the State filed a substitute information in lieu of indictment, which apparently charged Defendant as a prior and persistent offender based on his convictions in Cause No. 971–3921 and at least one other felony offense.[2]

At trial on October 8, 2003, at the close of all evidence and prior to closing arguments, the trial court held a hearing outside the presence of the jury to determine whether Defendant was a prior and persistent offender as charged. The State offered the testimony of the deputy clerk for the 22nd Judicial Circuit, Division 18 (Clerk). Clerk testified that Defendant had pleaded guilty in 1998 to a charge of felony stealing in Cause No. 971–3921 and had been represented by counsel in that case. Clerk indicated she had the court file for Cause No. 971–3921 in her possession during her testimony. Clerk also testified that Defendant had pleaded guilty in 1992 to another felony in Cause No. 911–3012. Clerk stated that, although she did not have the court file or a hard copy of the circuit court's minutes for Cause No. 911–3012, she was able to access the minutes of the case through the circuit court's computer system. Once she accessed the minutes, Clerk testified that Defendant had pleaded guilty to a charge of second-degree burglary in Cause No. 911–3012 and had been represented by counsel in that case.

---

1. All statutory citations are to RSMo 2000, unless otherwise indicated.

2. We note that the record on appeal does not contain a copy of the substitute information, and, as a result, we are left with only assertions found in the briefs on appeal.

Later, on cross-examination, Defendant questioned Clerk about the location of the actual case file. Clerk responded that it was in storage. Clerk further testified that she had not compared the actual case file to the computerized minutes for accuracy. Defendant then objected to the State's use of the computerized minutes of Cause No. 911–3012 on the grounds that the best evidence of Defendant's alleged conviction in that case would have been the case file itself. The trial court: 1) overruled the objection; 2) took judicial notice of the record and files in both Cause Nos. 971–3921 and 911–3012 as evidence of Defendant's prior felony convictions; 3) noted that the minutes of the 22nd Judicial Circuit are kept by computer and constitute the best evidence of cases adjudicated in the circuit; and 4) found Defendant to be a prior and persistent offender. The jury subsequently found Defendant guilty of all offenses as charged, and the trial court set a date for sentencing. Defendant did not present an oral or written motion for new trial and did not request any additional time beyond the fifteen-day time limit for filing such a motion.

On October 27, 2003, more than fifteen days after the return of the jury's verdicts, Defendant filed his motion for new trial. Later, at the sentence hearing, the trial court noted for the record, and Defendant conceded, that Defendant's motion had not been filed in a timely manner. The trial court also noted that, nonetheless, it had reviewed the motion for plain error but had found no error, plain or otherwise. The trial court entered its judgment and sentenced Defendant as a prior and persistent offender to terms of sixteen years on Count I, one year on Count II, and 30 days on Count III, all to be served concurrently.

*Discussion*

Defendant presents three points on appeal. We affirm the trial court's judgment as to Defendant's first and second points pursuant to Rule 30.25(b), and we have addressed those issues in a separate memorandum for the parties' information only. In his third point, Defendant argues the trial court: 1) erred in finding Defendant to be a prior and persistent offender because the State failed to present proper evidence of Defendant's prior conviction in Cause No. 911–3012 [3]; and 2) abused its discretion by sentencing Defendant as a persistent offender to a term beyond the maximum enhanced sentence available under Section 558.016 at the time of the sentencing hearing.

█ Before addressing the merits of Defendant's point on appeal, we note that his claim is not preserved for our review. Although during the hearing on Defendant's prior and persistent offender status, Defendant objected to the State's introduction of the computerized minutes in Cause No. 911–3012, Defendant failed to preserve the objection because he filed his motion for new trial more than fifteen days after the return of the jury's verdicts. Rule 29.11(b). Defendant also did not request the trial court to grant him ten additional days for filing the motion, either at the return of the verdicts or during the fifteen days. *Id.* In fact, at sentencing, the trial court noted for the record that Defendant's motion for new trial had been filed out of time, and Defendant conceded the motion was untimely. Thus, his objection to the introduction of the computerized minutes, as proof of his status as a prior and persistent offender, was not preserved.

---

**3.** Defendant does not challenge the propriety of the State's evidence of his prior conviction in Cause No. 971–3921.

Although plain errors affecting a defendant's substantial rights may be considered when the court finds that a manifest injustice or a miscarriage of justice has resulted therefrom, such consideration is in the appellate court's discretion. Rule 30.20. The plain error rule is to be used sparingly and does not justify a review of every point that has not been preserved properly. *State v. Lubbers,* 81 S.W.3d 156, 160 (Mo.App. E.D.2002); *State v. Boyd,* 954 S.W.2d 602, 606 (Mo.App. W.D.1997). Plain errors are evident, obvious, and clear, and we determine whether such errors exist based on the facts and circumstances of each case. *State v. Louis,* 103 S.W.3d 861, 864 (Mo.App. E.D.2003); *Boyd,* 954 S.W.2d at 606. A defendant's claim of plain error must establish on its face substantial grounds for us to believe a manifest injustice or a miscarriage of justice occurred; otherwise, we will decline to review for plain error. *Boyd,* 954 S.W.2d at 606. Plain error review is appropriate where it appears a defendant has been improperly sentenced as a prior or persistent offender. *State v. Stephens,* 88 S.W.3d 876, 885 (Mo.App. W.D.2002).

In this case, the record clearly indicates Defendant was sentenced improperly, resulting in a manifest injustice and a miscarriage of justice. Therefore, we exercise our discretion and review for plain error. We address each of Defendant's contentions in turn.

First, Defendant specifically argues that the trial court should not have taken judicial notice of his prior conviction in Cause No. 911–3012 as evidence of his status as a persistent offender because the State presented only the computerized minutes of the case and not the actual court file. Defendant further argues the State could have retrieved the actual court file from storage and the best evidence of the conviction in Cause No. 911–3012 would have

been a certified copy of the judgment or the court file itself.

The State counter argues that it presented sufficient evidence of Defendant's prior conviction in Cause No. 911–3012 because Clerk's testimony established that Defendant's conviction was contained in the circuit court's computerized minutes of the case. The State further argues that the trial court was entitled to take judicial notice of the file in Cause No. 911–3012 to support its finding that Defendant was a prior and persistent offender, regardless of whether the file was in printed or computerized form, because Defendant's prior conviction occurred in the trial court's own circuit.

Where the trial court finds that a defendant is a prior and persistent offender, the trial court may sentence him to an extended term of imprisonment. Section 558.016.1. "A prior offender is one who has pleaded guilty to or has been found guilty of one felony." Section 558.016.2. "A persistent offender is one who has pleaded guilty to or has been found guilty of two or more felonies committed at different times." Section 558.016.3.

The trial court shall find a defendant to be a prior and persistent offender if: 1) the State pleads in the indictment or information, original or amended, or in the information in lieu of indictment, all essential facts warranting a finding that the defendant is a prior and persistent offender; 2) the State introduces sufficient evidence to warrant a finding that the defendant is a prior and persistent offender; and 3) the trial court finds beyond a reasonable doubt that the defendant is a prior and persistent offender. Section 558.021.1; *Stephens,* 88 S.W.3d at 886.

The trial court cannot sentence a defendant as a prior and persistent offender without sufficient evidence of his prior

convictions. *Dudley v. State,* 903 S.W.2d 263, 267 (Mo.App. E.D.1995); *Stephens,* 88 S.W.3d at 886. Missouri courts have held that certified and properly authenticated copies of records of a defendant's prior convictions constitute admissible and sufficient evidence for purposes of sentence enhancement. *Stephens,* 88 S.W.3d at 886; *State v. Russ,* 945 S.W.2d 633, 636 (Mo. App. E.D.1997); *Dudley,* 903 S.W.2d at 267; *State v. Cochrane,* 899 S.W.2d 162, 163 (Mo.App. S.D.1995); *State v. Cooksey,* 787 S.W.2d 324, 327 (Mo.App. E.D.1990). Courts also may take judicial notice of their own records of a defendant's prior convictions in other previous proceedings to establish the essential facts warranting a finding that the defendant is a persistent offender, but only if the court's records of those convictions are physically before the court. *State ex rel. Callahan v. Collins,* 978 S.W.2d 471, 474–75 (Mo.App. W.D. 1998); *State v. Hurst,* 845 S.W.2d 669, 670 (Mo.App. E.D.1993); *State v. Weber,* 814 S.W.2d 298, 303 (Mo.App. E.D.1991); *State v. Cullen,* 646 S.W.2d 850, 855 (Mo.App. W.D.1982).

In *Weber,* this Court reasoned that the records of a defendant's prior convictions must be physically present in order for the trial court to take judicial notice of the records because a fact judicially noticed must have independent reliability and trustworthiness. *Weber,* 814 S.W.2d at 303. There, we further reasoned that requiring independent proof of a defendant's prior convictions through an actual court file "... insures the existence and [genuineness] of that court file as well as providing the opposing party an opportunity to attack the propriety of taking such judicial notice...." *Id.*

In *Hurst,* this Court also recognized that the existence of a court record containing proof of a defendant's prior convictions is essential to the State's burden of proving whether the defendant is a prior or persistent offender. *Hurst,* 845 S.W.2d at 670. There, we stated that, under such circumstances, the record itself must be introduced into evidence, unless the defendant consents to the admission of its contents. We require the introduction of the other record into evidence to ensure an intelligible record for appellate review because we cannot take a corresponding judicial notice of facts judicially noticed by the trial court. *Hurst,* 845 S.W.2d at 670.

In this case, the State offered Clerk's testimony and the actual court file containing the record of Defendant's prior conviction in Cause No. 971–3921. Clearly, the trial court properly took judicial notice of Defendant's prior conviction in that case because the court file was physically before the court and capable of being examined for reliability, trustworthiness, and genuineness. *Weber,* 814 S.W.2d at 303; *Hurst,* 845 S.W.2d at 670. On the contrary, although Clerk testified from the computerized minutes of Cause No. 911–3012 that Defendant had been convicted of felony burglary in that case, neither a certified copy of the judgment nor the court file was physically before the trial court. The State presented no authenticated document from which the trial court could properly take judicial notice of Defendant's alleged conviction in that case. Furthermore, the record on appeal does not contain a copy of the substitute information in lieu of indictment. Consequently, we are unable to determine whether the State actually charged Defendant with committing a prior felony offense in Cause No. 911–3012. In any event, we find the State failed to present sufficient evidence of Defendant's alleged conviction in Cause No. 911–3012; thus, the trial court plainly erred in finding Defendant to be a prior

and persistent offender as defined by Section 558.016.3.[4]

Second, Defendant specifically argues that even if the State had presented proper evidence of his alleged prior convictions, the trial court abused its discretion by sentencing Defendant beyond the maximum enhanced sentence available. In its brief, the State, citing Section 1.160, concedes this argument and states that the trial court erred in imposing a sixteen-year sentence on the burglary conviction because it exceeded the maximum enhanced term prescribed by Section 558.016.7(3) RSMo Cum.Supp.2003, the statute in effect at the time of Defendant's sentencing. We disagree.

The pertinent language of Section 1.160 provides:

> No offense committed and no ... penalty ... incurred previous to or at the time when any statutory provision is repealed or amended, shall be affected by the repeal or amendment, ... the ... punishment of all such offenses ... shall be had, in all respects, as if the provision had not been repealed or amended, except ... [t]hat if the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense prior to original sentencing, the penalty or punishment shall be assessed according to the amendatory law.

Consequently, a defendant will be sentenced according to the law in effect at the time the offense was committed unless a lesser punishment is required by a change in the law *creating* the offense itself. *State ex rel. Nixon v. Kelly*, 58 S.W.3d 513

(Mo. banc 2001); *State v. Graham*, 13 S.W.3d 290, 293 (Mo. banc 2000); *State v. Beers*, 926 S.W.2d 215, 217 (Mo.App. E.D. 1996) (emphasis ours). Section 569.170 creates the offense of second-degree burglary and defines the offense as a Class C felony. Section 569.170. Normally, the maximum term of punishment for a Class C felony is not to exceed seven years. Section 558.011.1(3). However, the authorized enhanced term of punishment for a prior and persistent offender who has been convicted of a Class C felony is any sentence authorized for a Class B felony. Section 558.016.7(3) RSMo Cum.Supp. 2003. The range of punishment for a Class B felony is a term of not less than five years and not to exceed fifteen years. Section 558.011.1(2) RSMo Cum.Supp. 2003. Prior to the 2003 amendment, however, Section 558.016 prescribed the maximum term of imprisonment for a prior and persistent offender who has been convicted of a class C felony as a term not to exceed twenty years. Section 558.016.7(3).

In this case, Section 1.160 does not control because Section 569.170, the statutory section creating the offense of second-degree burglary, was not amended. The amendment in question applied only to Section 558.016, the statutory section authorizing and prescribing enhanced terms of imprisonment for prior and persistent offenders. Therefore, it is irrelevant that the amended version of Section 558.016 took effect after Defendant committed the offense and before he was sentenced. *See Kelly*, 58 S.W.3d at 518. Although the State initially conceded that, even if Defendant was properly deemed to be a prior

---

4. We note that the trial court's Sentence and Judgment attributes a third prior felony to Defendant in Cause No. 901–2801, distribution of a controlled substance near a school and possession of a controlled substance. The transcript, however, is void of any reference by the State to that case. Therefore, we also find the State failed to present proper evidence regarding Cause No. 901–2801 for purposes of establishing Defendant was prior and persistent offender.

and persistent offender, Defendant's enhanced punishment could not exceed fifteen years, we find the amended version of Section 558.016 does not apply to this case because the amendment does not reduce the penalty for second-degree burglary by any change to the underlying statute creating the offense itself.

We conclude that, under the circumstances, Defendant was sentenced improperly as a persistent offender because the State failed to present sufficient evidence proving beyond a reasonable doubt that Defendant committed two or more separate prior felony offenses. Thus, we reverse the trial court's judgment only with respect to Defendant's sentence, and we remand this case to the trial court. On remand, the State may present proper evidence of Defendant's prior criminal convictions in order to meet its burden of proof as to Defendant's persistent offender status. *Russ,* 945 S.W.2d at 636; *Dudley,* 903 S.W.2d at 267. Should the State meet its burden of proof, the trial court may resentence Defendant within the range of years prescribed by Section 558.016.7(3) RSMo 2000, which was in effect at the time the offenses occurred. We have furnished the parties with a memorandum regarding our resolution of Defendant's Point One and Point Two for their information only and setting forth the reasons for our decision pursuant to 30.25(b).

LAWRENCE E. MOONEY, Presiding Judge, and LAWRENCE G. CRAHAN, concur.