**STATE of Missouri,**
**Plaintiff/Respondent,**

v.

**Roy TAYLOR, Defendant/Appellant.**

No. ED 80125.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 25, 2003.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 13, 2004.

Application for Transfer Denied
Feb. 24, 2004.

Henry B. Robertson, St. Louis, MO, for appellant.

John Munson Morris, III, Karen L. Kramer, Assistant Attorney General, Jefferson City, MO, for respondent.

Before GLENN A. NORTON, P.J., KATHIANNE KNAUP CRANE, J. and MARY K. HOFF, J.

PER CURIAM.

Defendant appeals from the judgment entered by the trial court after the jury found him guilty of statutory rape in the second degree, in violation of Section 566.034 RSMo (1994) (Count IV); sodomy of a child less than fourteen years old, in violation of Section 566.060 RSMo (Cum.Supp.1993) (Count V); statutory sodomy in the second degree, in violation of Section 566.064 RSMo (1994) (Count VIII); attempted sodomy of a child less than fourteen years old, in violation of Section 564.011 RSMo (1986) (Count X); and two counts of incest, in violation of Section 568.020 RSMo (1986) (Counts XI and XII), all arising out of the sexual abuse of a child over a multi-year period. The court sentenced defendant to two years imprisonment on Count IV, five years imprisonment on Count V, three years imprisonment on Count VIII, five years imprisonment on Count X, two years imprisonment on Count XI, and two years imprisonment on Count XII, all terms to be served consecutively.

On appeal, defendant challenges the submission of each of these counts to the jury and the denial of his motion for acquittal on Counts X and IV. The state concedes that insufficient evidence supports Count VIII, and we conclude that the trial court erred in denying the motion for acquittal on Count IV. Accordingly, we reverse the convictions on Counts IV and VIII. We affirm the judgment of conviction on the remaining counts pursuant to Rule 30.25(b).

### DISCUSSION

Count IV of the indictment charged defendant with statutory rape in the second degree, and Count VIII charged defendant with statutory sodomy in the second degree. The time frame for both counts was between August 11, 1997 and July 31, 1998. Victim, E.W., turned fourteen years old on August 11, 1997, and she was in the ninth grade during this time frame.

Count VIII was based on the allegation that defendant had deviate sexual intercourse with victim during that year. The verdict directing instruction on Count VIII required the jury to find that defendant had inserted his finger into victim's vagina. The state concedes that, although there was evidence that defendant "molested" and "touched" victim during this time period, there was no evidence of deviate sexual intercourse during this time period to support the verdict director on Count VIII.

Count IV was based on the allegation that defendant had sexual intercourse with victim between August 11, 1997 and July 31, 1998. Because defendant was acquitted on Counts II and III, which charged statutory rape for time periods up to August 10, 1997, the state was required to prove that intercourse occurred on or after August 11, 1997. *See State v. Brotzer*, 245 Mo. 499, 150 S.W. 1078, 1080 (Mo.1912). The state urges that the following testimony is sufficient to support an inference that intercourse occurred during this time frame.

Q. When did [defendant] stop molesting you?

A. [victim] Probably in the 9th grade, somewhere around there. I just gradually stopped seeing him.

\* \* \*

Q. Now do you know if you—do you know if [defendant] had you perform sexual intercourse with him began your tenth grade?

A. No.

Q. So it had stopped before your 10th grade?

A. No. I thought you meant when I went to see him like with my friends when we went to get our hair cut.

Q. No. I meant when was the last time that [defendant] molested you?

A. At the end of my 9th grade.

The state argues that, from the context in which the questions were asked, it is reasonable to infer that by "molestation" victim meant sexual intercourse at some point during her ninth grade year.

When we consider a challenge to the sufficiency of the evidence to support a criminal conviction, our review is limited to determining whether sufficient evidence was presented from which a reasonable juror could find the defendant guilty beyond a reasonable doubt. *State v. Grim,* 854 S.W.2d 403, 405 (Mo. banc 1993). We view the evidence and all reasonable inferences drawn therefrom in the light most favorable to the jury's verdict and disregard all contrary inferences. *Id.* We may draw reasonable inferences from both direct and circumstantial evidence. *Id.* at 412–13. The inferences so drawn from must be logical, reasonable and drawn from established fact. *State v. Friend,* 936 S.W.2d 824, 828 (Mo.App.1996).

The state has the burden to prove each and every element of a criminal case. *State v. Smith,* 33 S.W.3d 648, 652 (Mo.App.2000). If the state fails to produce sufficient evidence to sustain the convictions, we must reverse the trial court's judgment. *State v. West,* 21 S.W.3d 59, 61 (Mo.App.2000). In order to find defendant guilty of statutory rape in the second degree, the jury was required to find, among other elements, that defendant had sexual intercourse with victim. "Sexual intercourse" is defined as "any penetration, however slight, of the female sex organ by the male sex organ, whether or not an emission results." Section 566.010(4) RSMo (2000). To satisfy this element there must be some evidence of penetration. *See State v. Bewley,* 68 S.W.3d 613, 617–18 (Mo.App. S.D.2002).

In this case there is no basis to draw an inference that victim was referring to intercourse when she gave a time frame in her answer to the question about the last time defendant "molested" her. In the transcript excerpt on which it relies, the state omitted the following questions and answers and replaced them with an ellipsis:

Q. And how did you start doing that?

A. [Sister] wouldn't let me go there.

Q. But there were a few times after you told [sister] about the abuse that you did go see [defendant]?

A. That's right.

Q. And did he have sexual intercourse with you during those times?

A. No, ma'am.

Victim had previously testified that she told her sister about the abuse just prior to her fourteenth birthday. In this portion of her testimony she testified that, during the few times she saw defendant after that time, she did not have intercourse with defendant. Victim's testimony does not provide any basis on which a reasonable juror could find that defendant and victim engaged in sexual intercourse after her fourteenth birthday. Point three is granted.

No error appears with respect to the remaining counts. No jurisprudential purpose would be served by a written opinion

reciting the detailed facts and restating the principles of law. However, the parties have been furnished with a memorandum opinion for their information only, setting forth the facts and reasons for this conclusion.

The judgment is reversed with respect to the convictions on Counts IV and VIII. The judgment on the remaining counts is affirmed pursuant to Rule 30.25(b).