**Roy TAYLOR, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. ED 86662.

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 15, 2006.

Shaun J. Mackelprang, Jefferson City, MO, for respondent.

Jayne T. Woods, Jefferson City, MO, for respondent.

S. Paige Canfield, Saint Louis, MO, for appellant.

Before GLENN A. NORTON, P.J., LAWRENCE E. MOONEY, J. and KENNETH M. ROMINES, J.

## ORDER

PER CURIAM.

Roy Taylor appeals the judgment denying his Rule 29.15 motion without an evidentiary hearing.[1] In his motion, Taylor claimed that his trial counsel was ineffective because he failed to submit instructions for the lesser offense of sexual misconduct on a sodomy count and an attempted sodomy count. He alleged that "the court would have had to have given the lesser included instructions if counsel had submitted them because the evidence required it." But Taylor did not identify that evidence and pled no other facts

1. Taylor's convictions for statutory rape in the second degree and statutory sodomy in the second degree were reversed on direct appeal; his convictions for sodomy of a child less than fourteen years old, attempted sod- omy of a child less than fourteen years old and two counts of incest were affirmed. *See State v. Taylor,* 126 S.W.3d 2 (Mo.App. E.D. 2003).

showing a basis for acquittal of the charged offenses of sodomy and attempted sodomy and no facts showing a basis for conviction of sexual misconduct. Therefore, he was not entitled to an evidentiary hearing on his claim that counsel was ineffective for failing to request instructions for a lesser offense. *See Hill v. State,* 181 S.W.3d 611, 621 (Mo. App. W.D.2006) (affirming denial of Rule 29.15 motion without evidentiary hearing where facts alleged would not have supported acquittal of charged offense); *see also Morrow v. State,* 21 S.W.3d 819, 822–823 (Mo. banc 2000) (movant must allege facts, not conclusions, warranting relief; courts will not draw factual inferences or implications in Rule 29.15 motion from bare conclusions).

The motion court's finding and conclusion that Taylor failed to allege facts warranting relief on this claim is not clearly erroneous. It was not clear error to deny Taylor's claim without an evidentiary hearing. An extended opinion would have no precedential value. We affirm the judgment under Rule 84.16(b).