**STATE of Missouri, Respondent,**

v.

**Leroy SIMMONS, Appellant.**

**No. ED 87655.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 18, 2007.

---

1. All references to Rules are to Missouri Supreme Court Rules (2007).

Maleaner Harvey, Attorney at Law, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Richard A. Starnes, Assistant Attorney General, Jefferson City, MO, for respondent.

ROY L. RICHTER, Presiding Judge.

Leroy Simmons ("Defendant") appeals the judgment and sentence imposed after a jury found him guilty of child molestation in the first and second degree, statutory rape in the first and second degree, statutory sodomy in the first and second degree, abuse of a child, tampering with a witness, and furnishing pornographic materials to minors.[1] We reverse the judg-

---

1. More specifically, Defendant was convicted of three counts of first-degree child molestation, three counts of first-degree statutory rape, two counts of first-degree statutory sod- omy, six counts of second-degree statutory sodomy, three counts of second-degree statu- tory rape, three counts of second-degree child molestation, one count of abuse of a child,

ment entered on Count 17 and affirm the judgment as to all other counts.

## I. BACKGROUND

Defendant's daughter ("Daughter") told her mother ("Mother") that Defendant had sexually abused her for a number of years. Mother called the police and when the police arrived, an officer ("Police Officer") spoke with Daughter in private and Defendant was arrested.

Later, while in custody, Defendant called his son ("Son") who was staying with a relative. After Son told Defendant about a fight with his mother and sister, Defendant stated that he was "sorry for what he did."

Daughter testified at trial concerning various acts of abuse. Police Officer also testified during the State's case-in-chief as to what Daughter had told her during her investigation. The jury found defendant guilty on all counts and the trial court entered judgment in accordance therewith and sentenced Defendant to 15 years imprisonment for Count 1, first-degree child molestation, 15 years imprisonment for Count 2, first-degree child molestation, and 20 years imprisonment for Count 3, first-degree statutory rape, to run consecutively. On the remaining counts, the trial court sentenced Defendant to various sentences ranging from six months to thirty years to run concurrently with each other and concurrently with the sentences for Counts 1, 2, and 3.

Defendant appeals.

## II. DISCUSSION

In his first point, Defendant alleges the trial court erred in allowing the State to elicit testimony from Son that Defen-

dant told him he was "sorry for what he did" in that Defendant's statement was too vague to fall under the admission of a party opponent hearsay exception and was therefore irrelevant. We disagree.

A trial court has broad discretion to admit or exclude evidence and we will reverse a trial court's ruling on the admission of evidence only when a trial court abuses its discretion. *State v. Forrest*, 183 S.W.3d 218, 223 (Mo. banc 2006). A trial court abuses its discretion when its ruling is clearly against the logic of the circumstances and is so unreasonable as to indicate a lack of careful consideration. *Id.* (citation omitted).

A hearsay statement is an out-of-court statement offered for the truth of the matter asserted. *State v. Kemp*, 212 S.W.3d 135, 146 (Mo. banc 2007). Hearsay statements are generally inadmissible. *State v. Lockett*, 165 S.W.3d 199, 204 (Mo. App. E.D.2005). However, the admission of a party opponent is not hearsay. *State v. Brown*, 833 S.W.2d 436, 438 (Mo.App. W.D.1992). A statement may be admitted as an admission of a party opponent if the statement is material to the issues of the case, the statement is relevant to the case, and the statement is offered by the opposing party. *Id.* at 439. Moreover, "the admission of a criminal defendant is relevant and material if it tends to incriminate the defendant, to connect the defendant to a crime, or to manifest the defendant's consciousness of guilt." *State v. Brummall*, 51 S.W.3d 113, 119 (Mo.App. W.D. 2001) (citation omitted).

In the present case, Defendant objected to Son's testimony prior to Son testifying. In response, the trial court indicated that Son would be allowed to testify to what

one count of tampering with a witness, and one count of furnishing pornographic materi-

als to minors.

Defendant said but would be unable to speculate about the meaning of Defendant's words. Son testified that he talked with Defendant "about me and my mom and my sister got [sic] into it, and [Defendant] said he was sorry for what he did."

A review of the record demonstrates that the trial court did not err in treating Defendant's statement as an admission of a party opponent. Defendant uttered his statement while incarcerated, after having been charged with sexually abusing his daughter, in the context of a conversation with his Son. Further, by virtue of the words, themselves, Defendant's statement implies guilt. Because Defendant's statement, when viewed in light of the surrounding circumstances, demonstrates a consciousness of guilt, it is consequently both relevant and material. *Id.* Accordingly, we cannot say the trial court abused its discretion in allowing Son to testify to Defendant's statement. Point denied.

■ In his second point, Defendant asserts the trial court erred in overruling his objection to Police Officer's testimony in that it was inadmissible hearsay, unnecessary to explain subsequent police conduct. We disagree.

A trial court has broad discretion to admit or exclude evidence and we will reverse a trial court's ruling on the admission of evidence only when a trial court abuses its discretion. *State v. Forrest,* 183 S.W.3d at 223.

■ "An out-of-court statement offered not for the truth of the matter asserted, but to explain subsequent police conduct, is not hearsay and is, therefore, admissible, assuming it is relevant." *State v. Lockett,* 165 S.W.3d at 204. Moreover, such a statement explaining subsequent police conduct is admissible to supply relevant background and continuity. *State v.*

*Dunn,* 817 S.W.2d 241, 243 (Mo. banc 1991).

Police Officer's testimony was relevant in that it revealed the motivation behind her investigation. Police Officer testified that Daughter recounted details of her sexual abuse, including where episodes occurred, what sex acts transpired and how Daughter and Defendant cleaned up, afterward. These statements were later used to explain the progression of police investigation, namely Daughter's examination at the emergency room and the seizure and testing of washcloths found in Defendant's home. Accordingly, because Police Officer's statements both provided relevant background information for police investigation and explained subsequent police conduct, the trial court did not abuse its discretion in overruling Defendant's objection. Point denied.

■ In his third point, Defendant asserts the trial court erred in denying his motion for judgment of acquittal and convicting him of Count 17, second-degree sodomy, because there was no evidence that he forced Daughter to touch his penis with her hand. We agree.

The State has the burden of proving every element of a criminal case. *State v. Taylor,* 126 S.W.3d 2, 4 (Mo.App. E.D. 2003). If the state does not produce sufficient evidence to sustain a conviction, we must reverse the trial court's judgment. *Id.* "A person commits the crime of statutory sodomy in the second degree if being twenty-one years of age or older, he has deviate sexual intercourse with another person who is less than seventeen years of age." Section 566.064 RSMo 2000. "Deviate sexual intercourse" is:

> any act involving the genitals of one person and the hand, mouth, tongue, or anus of another person or a sexual act involving the penetration, however slight, of the male or female sex organ

or the anus by a finger, instrument or object done for the purpose of arousing or gratifying the sexual desire of any person or for the purpose of terrorizing the victim . . .

Section 566.010 RSMo 2000.

Here, the jury was instructed to find Defendant guilty on Count 17 of second-degree statutory sodomy if it believed, in part, that "[D]efendant made [Daughter] put her hand on his penis." The State presented no affirmative evidence that Daughter actually touched Defendant's penis with her hand.[2] The trial court, therefore, erred in convicting Defendant of Count 17. Point granted.

## III. CONCLUSION

The judgment entered on Count 17 is reversed and the judgment for all other counts is affirmed.

KATHIANNE KNAUP CRANE and SHERRI B. SULLIVAN, JJ., concur.

---

**2.** The State admits this point in its brief.