**ST. LOUIS COUNTY, Respondent,**

v.

**David SKAER, Appellant.**

**No. ED 94279.**

Missouri Court of Appeals,
Eastern District,
Division Five.

June 29, 2010.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 11, 2010.

Application for Transfer Denied
Oct. 26, 2010.

Patricia Redington, Victor J. Melen-brink, Clayton, MO, for Appellant.

David Skaer, St. Louis, MO, pro se.

ROY L. RICHTER, Judge.

David Skaer ("Skaer") appeals the trial court's judgment finding him guilty of failing to have a waste management agreement in effect. We reverse.

## I. BACKGROUND

Skaer was charged with violating Section 607.140 of the Revised Ordinances of St. Louis County [1] requiring that residents have in effect a valid waste management agreement. Skaer argued that he produced no waste, and therefore should not be required to have a waste management agreement. At trial, following the presentation of the prosecution's evidence, the

---

1. All further references are to the Revised Ordinances of St. Louis County, unless otherwise noted.

prosecutor requested that the court take judicial notice that "a residence which is occupied will necessarily generate some possibly small amount of non-recyclable waste." Over Skaer's objection, the court took judicial notice "that it's a common fact that people who live in houses generate waste." The trial court found Skaer guilty and ordered that he pay a fine of $50. Skaer appeals.

## II. DISCUSSION

Because the Prosecution failed to carry its burden at trial, we reverse.

In reviewing a challenge to the sufficiency of evidence, this court accepts as true all of the evidence favorable to the verdict, including all reasonable inferences, and must disregard all inferences contrary to the verdict. *State v. Williams*, 303 S.W.3d 634, 635–36 (Mo.App. E.D.2010). Such review is limited to determining whether the evidence is sufficient for the fact-finder to find each element beyond a reasonable doubt.

Section 607.140 states:

If waste collection service is reasonably available for a premises where waste is generated, an agreement shall be in effect for the collection of waste generated on the premises with a waste collection service having waste vehicles licensed by the Director for the collection, transportation, and disposal of waste. It shall be the responsibility of the property owner and the person generating the waste to assure that an agreement for the collection of waste is in effect.

The prosecution has the burden of proof to prove each and every element of a criminal case. *State v. Taylor*, 126 S.W.3d 2, 4 (Mo.App. E.D.2003). Here, the prosecution was required to show both that Skaer did not have a waste management agreement, and that he produced waste. We find that the prosecution failed to carry its burden to show that Skaer produced waste.

Rather than present any evidence of waste produced by Skaer, the prosecution requested that the trial court take judicial notice that "a residence which is occupied will necessarily generate some possibly small amount of non-recyclable waste." The trial court agreed.

Judicial notice of a fact normally dispenses with the necessity of establishing that fact by evidence. *State v. Weber*, 814 S.W.2d 298, 303 (Mo.App. E.D.1991). Since the fact judicially noticed may be established without supporting evidence, that fact must have independent reliability and trustworthiness. *Id.* In Missouri, judicial notice may be taken of a fact which is within the common knowledge of people of ordinary intelligence. *Id.*

We find that whether or not someone could live at a residence and recycle all his or her waste is not a matter of common knowledge, and should not be accepted as such. Therefore, to carry its burden, the prosecution was required to put on evidence at trial that Skaer in fact produced non-recyclable waste. Further, by taking judicial notice of a necessary element of the offense for which there was no evidentiary support, the court improperly shifted the burden to Skaer to prove his innocence. The burden of proof in a criminal case is on the State to prove a defendant guilty beyond a reasonable doubt. *State v. Henton*, 753 S.W.2d 19, 20 (Mo.App. E.D. 1988)

Because it was improper to take judicial notice that a residence which is occupied will necessarily generate some possibly small amount of non-recyclable waste, we find that the prosecution failed to carry its burden to show that Skaer produced waste. Therefore, we reverse.

## III. CONCLUSION

The judgment is reversed.

KENNETH M. ROMINES, C.J., and THOMAS J. FRAWLEY, Sp. J., concur.