

# In the Missouri Court of Appeals
## Eastern District
### DIVISION TWO

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED99519 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | |
| | ) | Hon. Robert S. Cohen |
| MARK G. JACKSON, | ) | |
| | ) | Filed: |
| Appellant. | ) | April 1, 2014 |

Mark Jackson ("Defendant") appeals from the judgment of the trial court convicting him of forcible rape, Section 566.030 RSMo 2000[1], forcible sodomy, Section 566.060, and first-degree domestic assault, Section 565.072, following a jury trial. Defendant argues the trial court abused its discretion in permitting Dr. Rex Hudson and Nurse Cherie Blaesinger to testify as to the statements L.R. ("Victim") made to them about the incident. We affirm.

In the light most favorable to the verdict, the following evidence was adduced at trial: Defendant and Victim began dating in February 2011, and Defendant moved into Victim's house shortly thereafter. On March 19, 2011, Victim picked Defendant up from work in the afternoon and together they drove around buying crack cocaine and smoking it at various houses. Later that afternoon, they began to argue, and Victim drove to the hospital and threatened to check herself in as a patient. Defendant left the car and started

---

[1] All further statutory references are to RSMo 2000.

walking, only to be picked up by Victim a short while later. Then they went back to her house.

Once at Victim's house, Defendant told Victim to take off her clothes because they were going to bed. As soon as Victim complied, Defendant started hitting her in the face with his closed fists. Victim claims Defendant made her give him oral sex, even though she resisted. Victim began throwing up and while doing so, Defendant pulled her hair, choked her, and had sex with her. After Defendant had sex with Victim, he continued to hit her. When Defendant finally stopped, they were in bed, and Defendant told Victim he had every intention of killing her that night. Soon after, they went to sleep.

The next morning Victim went to a neighbor's house and called 911. An ambulance arrived within ten minutes, and the police arrested Defendant who was hiding in the basement of Victim's home. Victim was diagnosed with post-concussive syndrome and stayed at the hospital for four days. When Victim was released, she lived with her sister for a few weeks because she could not walk without stumbling or falling.

Defendant was charged and convicted of forcible rape, forcible sodomy, and first-degree domestic assault and was sentenced as a persistent offender to two concurrent twenty-five year terms of imprisonment for forcible rape and forcible sodomy and a consecutive fifteen year term of imprisonment for the domestic assault. This appeal follows.

In his sole point on appeal, Defendant argues the trial court abused its discretion in permitting Dr. Hudson and Blaesinger to testify as to the hearsay statements Victim made to them about the incident because they were not related to her diagnosis or treatment and improperly bolstered her credibility as a witness. We disagree.

2

The standard of review for the admission of evidence is abuse of discretion. State v. Reed, 282 S.W.3d 835, 837 (Mo. banc 2009) (citing State v. Freeman, 269 S.W.3d 422, 426 (Mo. banc 2008)). This standard gives the trial court broad leeway in choosing to admit evidence; therefore, an exercise of this discretion will not be disturbed unless it is clearly against the logic of the circumstances. Freeman, 269 S.W.3d at 426–27. In evidentiary matters, this court will reverse only if the error was prejudicial such that it deprived the defendant of a fair trial. State v. McMillin, 783 S.W.2d 82, 98 (Mo. banc 1990), cert. denied, 498 U.S. 881 (1990). If evidence is competent under any theory, or for any purpose, the trial court cannot be convicted of reversible error for admitting it. State v. Bohanon, 747 S.W.2d 294, 299 (Mo. App. 1988).

Hearsay is generally inadmissible unless it falls within a recognized exception to the rule. State v. Skillicorn, 944 S.W.2d 877, 884 (Mo. banc 1997). Missouri makes exception for statement made to a physician for diagnosis or treatment. State v. Miller, 924 S.W.2d 513, 515 (Mo. App. W.D. 1996). Missouri law allows a treating physician to testify to what a patient said insofar as such statements are reasonably pertinent to diagnosis and treatment. Id. However, generally, statements regarding the identity of an alleged perpetrator are not admissible under the exception because these statements are not relevant to diagnosis or treatment. Id. Even if the court finds hearsay evidence was improperly admitted, the conviction will be reversed only if a Defendant can prove both error and prejudice State v. Hamilton, 892 S.W.2d 371, 378 (Mo. App. E.D.1995) (citing State v. Isa, 850 S.W.2d 876, 895 (Mo. banc 1993)).

The reason hearsay is generally inadmissible is because the person who made the offered statement is not under oath or subject to cross-examination. State v. Mozee, 112

S.W.3d 102, 107 (Mo. App. W.D. 2003). Accordingly, prejudice will not be found from the admission of hearsay testimony where the declarant was also a witness at trial, testified on the same matter, and was subject to cross-examination because the primary defects in hearsay testimony are alleviated. State v. Robinson, 484 S.W.2d 186, 189 (Mo.1972); see also State v. Forrest, 183 S.W.3d 218, 224 (Mo. banc 2006).

During Dr. Hudson's testimony, he was asked about the assault of Victim and the type of assault she described. Defendant objected based on bolstering, but the trial court overruled the objection. Dr. Hudson then testified Victim indicated she was sexually assaulted.[2]

Also, during Blaesinger's testimony, Blaesinger was asked whether Victim described a sexual assault. Defendant objected to Blaesinger's testimony based on both bolstering and hearsay, but the trial court overruled the objection. Blaesinger then testified Victim told them "he put his penis in her mouth, and he put his penis in her vagina, and he ejaculated in her." On cross-examination, Defendant's counsel asked Blaesinger whether the Victim had engaged in consensual sex within five days of the assault. This question was consistent with Defendant's contention that Victim had consensual sex with Defendant. Thus, the State addressed that contention on re-direct examination by asking if there was any question that the Victim told Blaesinger "she was forced to perform oral sex on [Defendant], her boyfriend at the time." Blaesinger responded there was no question.

---

[2] In Defendant's point on appeal, he asserts it was error to admit statements Victim made to Dr. Hudson about the incident because they were hearsay. However, the record shows Defendant did not object on this basis at trial, but rather only objected to the bolstering effect of the testimony. Therefore, we review the hearsay nature of Dr. Hudson's testimony only for plain error under Rule 30.20.

4

Defendant claims the testimony of Blaesinger regarding what Victim told her was inadmissible hearsay because it was not related to diagnosis or treatment and that both Dr. Hudson's and Blaesinger's testimony corroborated Victim's prior, consistent testimony and improperly bolstered her credibility as a witness. In particular, Defendant claims Blaesinger did not need to know or testify as to the alleged identity of the perpetrator. Defendant claims Dr. Hudson's and Blaesinger's testimony resulted in prejudice since Victim's testimony was the only direct evidence of rape and sodomy, and because Defendant argued the sex that occurred after the assault was consensual.

However, here, the hearsay declarant, Victim, was a witness at trial, and she testified on the issue of sexual assault and was subject to extensive cross-examination. Victim testified that it was Defendant, in particular, who beat her with his fists and then raped her. Further, Defendant was able to cross-examine Victim over the subject matter of the contested hearsay.

We also note Victim initially went to the hospital, and later consented to a sexual assault examination because of the injuries she sustained. Defendant believes Victim's statements alleging she was sexually assaulted to Dr. Hudson and Blaesinger were not pertinent to her treatment or diagnosis because there was no trauma to her cervix or vagina. However, Blaesinger would not have known to do the examination if Victim had not told her she had been sexually assaulted. Victim's statements were necessary for Dr. Hudson and Blaesinger to explain what course of treatment they chose in diagnosing Victim. Thus, the statements were not inadmissible hearsay used to corroborate Victim's prior, consistent testimony or improperly bolster her credibility as a witness. In addition,

5

the admission of the allegedly improper hearsay evidence in this case was not prejudicial to Defendant and did not deny him the right to a fair trial.

Therefore, we find the trial court did not abuse its discretion or plainly err in admitting the testimony of Dr. Hudson and Blaesinger.

The judgment of the trial court is affirmed.

ROBERT G. DOWD, JR., Judge

Lawrence E. Mooney, P.J. and
Sherri B. Sullivan, J., concur.