**STATE of Missouri, Respondent,**

v.

**Matthew RALPH, Appellant.**

**ED 104091**

Missouri Court of Appeals, Eastern District, **Division Four**.

FILED: June 6, 2017

674

Andrew E. Zleit, 1010 Market Street, Suite 1100, St. Louis, MO 63101, for appellant.

Joshua D. Hawley, Richard A. Starnes, PO Box 899, Jefferson City, MO 65102, for respondent.

Gary M. Gaertner, Jr., Judge

## Introduction

Matthew Ralph (Ralph) appeals from a sentence and judgment of conviction for possession of a controlled substance. He challenges the trial court's admission of hearsay evidence and asserts error in the trial court's imposition of an enhanced sentence under the prior and persistent offender statutes. We affirm.

## Background

The State of Missouri (State) charged Ralph as a prior and persistent offender

with the class C felony of possession of a controlled substance, Hydrocodone. The evidence at the 2016 jury trial showed the following, viewed in a light most favorable to the verdict.[1]

The police responded to an anonymous 911 call reporting open air drug sales in the 6000 block of Lucille in the City of St. Louis. Officer Andrew Brown (Officer Brown) testified that when he and his partner, Officer Timothy Nolan (Officer Nolan), approached the area in their marked patrol vehicle, he witnessed an individual later identified as Ralph standing at the front passenger window of an occupied vehicle in a manner associated with, in Officer Brown's experience, the sale of narcotics. Officer Brown made eye contact with Ralph, who then took something from his pocket and threw it under the vehicle, which caused Officer Brown to suspect, again from his experience and the surrounding circumstances, that Ralph had discarded narcotics. Officer Brown approached Ralph on foot and detained him. Officer Brown picked up a blue plastic knotted baggie from underneath the edge of the vehicle where Ralph had been standing and confirmed that the baggie contained pills. He seized the baggie of pills, which contained Hydrocodone. Officer Brown clarified, however, that he did not witness an exchange of narcotics or money. Finally, Officer Nolan testified over a hearsay objection that during booking, which Officer Brown conducted, Officer Nolan "learned" that Ralph lived in an area about a ten-minute drive from the 6000 block of Lucille.

To prove Ralph's prior-and-persistent-offender status, the State relied upon Ralph's 2014 guilty plea in Cause No. 1322-CR1218 for the felony of resisting arrest and his 2008 guilty plea in Cause No. 0822-CR03740 for the felonies of second-degree assault of a law enforcement officer and tampering in the first degree. Ralph did not stipulate to the prior convictions, and the State called the court clerk, who testified without objection that the Missouri Justice Information System (JIS)—which is a computerized statewide automated record-keeping system established by the supreme court [2]—records reflected Ralph had at least two prior felony convictions in Cause Nos. 1322-CR01218 [3] and 0822-CR03740. The State did not introduce physical copies of these court records, but asked the trial court to take judicial notice of its own files.[4] On this evidence, the trial court found beyond a reasonable doubt Ralph was a prior and persistent offender.

The jury found Ralph guilty of constructive possession of a controlled substance, and the trial court sentenced him as a prior and persistent offender to eight years in the Missouri Department of Corrections. This appeal follows.

### Discussion

### Point One

■ In his first point on appeal, Ralph argues the trial court erred in overruling his objection to Officer Nolan's testimony that he had learned Ralph did not live in the neighborhood where the crime oc-

---

1. State v. Gibbs, 306 S.W.3d 178, 181 (Mo. App. E.D. 2010).

2. Missouri Supreme Court Operating Rule 1.01-1.10 (2016).

3. Cause No. 1322-CR01218 identified the defendant as "Ralph Matthew"; however, the

file's social security number and date of birth match that of the Matthew Ralph who was the defendant in the case at bar.

4. The trial court, however, did not take judicial notice of the court files.

curred because such testimony was inadmissible hearsay that prejudiced Ralph by presenting him as an outsider causing trouble in the neighborhood. We disagree.

■ Hearsay is any out-of-court statement that is used to prove the truth of the matter asserted and is generally inadmissible unless it is a recognized exception to the hearsay rule. State v. Tisius, 362 S.W.3d 398, 405-06 (Mo. banc 2012). We review a trial court's decision to admit or exclude hearsay evidence for an abuse of discretion. State v. Justus, 205 S.W.3d 872, 878 (Mo. banc 2006). An abuse of discretion occurs when the trial court's ruling is clearly against the logic of the circumstances or is so arbitrary and unreasonable so as to shock the sense of justice and indicate a lack of careful consideration. State v. Hughes, 497 S.W.3d 400, 403 (Mo. App. E.D. 2016). We reverse for an error in the admission of evidence only if the erroneously admitted evidence was so prejudicial that it affected the outcome of the trial, meaning that but for its admission there is a reasonable probability the jury would have acquitted. State v. Adams, 350 S.W.3d 864, 866 (Mo. App. E.D. 2011). Even if the evidence admitted was improper hearsay, we will only reverse the conviction if a defendant can prove both error and prejudice. State v. Jackson, 426 S.W.3d 717, 719 (Mo. App. E.D. 2014).

■ Here, Ralph asserts on appeal that prejudicial error resulted when Officer Nolan testified that he "learned" during booking that Ralph lived about a ten-minute drive from where he was arrested in the 6000 block of Lucille, because Officer Brown was the declarant of the challenged statement, which was admitted for its truth. We note that Ralph bears the burden on appeal to prove both that the trial court erroneously admitted hearsay evidence and that evidence prejudiced him, which he has not done. See Jackson, 426

S.W.3d at 719. Although Ralph asserts Officer Brown was the declarant of the challenged statement, the record does not support this assertion. Officer Nolan testified that Officer Brown booked Ralph, but Officer Nolan did not reveal from whom he learned where Ralph lived. From the record before us, it is just as likely Officer Nolan learned this information from Ralph himself as from Officer Brown, and the admission of relevant, material out-of-court statements by the party opponent is a recognized exception to the hearsay rule. State v. Stokes, 492 S.W.3d 622, 625 (Mo. App, E.D. 2016). The record itself does not show the trial court admitted hearsay evidence, and we will not supply a deficiency in the record through speculation or conjecture.

■ Ralph has not met his burden to show the erroneous admission of hearsay evidence, and, even if he had, he has not shown prejudice therefrom. "The reason hearsay is generally inadmissible is because the person who made the offered statement is not under oath or subject to cross-examination." Jackson, 426 S.W.3d at 719. Thus, where the declarant is a witness at trial, testified on the same matter, and was subject to cross-examination, prejudice does not result. Id. Even assuming Officer Brown was the declarant, he testified at trial, and after his testimony was complete, counsel for Ralph requested that Officer Brown remain through Officer Nolan's testimony "in case there [was] any need for impeachment." Because Officer Brown was available for cross-examination, no prejudice resulted. See id. The trial court did not abuse its discretion in admitting the challenged statement.

Point denied.

## Point Two

■ In his second point on appeal, Ralph argues the trial court plainly erred

in finding him to be a prior and persistent offender because the State failed to present sufficient evidence of his prior convictions by not entering any "physical court files nor any hard copies of any documents" into the record but only having the clerk testify to computer records. Thus, Ralph argues his eight-year sentence is beyond the seven-year maximum sentence for an unenhanced class C felony, and he requests remand for resentencing. We disagree.

In order to preserve an evidentiary issue for appeal, a party must object upon the introduction of the evidence. State v. Walter, 479 S.W.3d 118, 122-23 (Mo. banc 2016). Here, Ralph did not object to the State presenting the court clerk's testimony from the JIS records of Ralph's prior convictions in lieu of the "physical court files [ ]or any hard copies of any documents." Accordingly, Ralph did not preserve the issue for appellate review, and we may review it, if at all, only for plain error.

When a party fails to properly preserve an argument at trial, the Court may, in its discretion, review the argument for plain error when the claim of error facially establishes substantial grounds for believing a manifest injustice or miscarriage of justice resulted. Id. We review for plain error using a two-step analysis. First, we determine whether the record facially establishes substantial grounds to believe plain error occurred, which is error that is evident, obvious, and clear. If so, we then consider whether the error resulted in manifest injustice or a miscarriage of justice. Id. Plain-error review requires that the alleged error have a decisive effect on the jury's determination. See State v.

White, 247 S.W.3d 557, 563 (Mo. App. E.D. 2007).

We find no error in the trial court's prior-and-persistent-offender finding. Section 558.016 provides for an enhanced sentence for persistent offenders, which is defined as a person who has been found guilty of two or more felonies. Section 558.016.1(1), .3.[5] To enhance a sentence on the basis of prior convictions, the State "must prove the fact of the prior convictions and do so in conformity with applicable statutory requirements for such proof." State v. Martinez, 407 S.W.3d 669, 673 (Mo. App. S.D. 2013) (citation omitted). Here, Section 558.021 provides that the trial court shall find a defendant to be a prior and persistent offender where, as relevant to this appeal, the State introduces evidence "establish[ing] sufficient facts to warrant a finding beyond a reasonable doubt that the defendant is a prior offender [and] persistent offender." Section 558.021.1(2).

Section 558.021 requires merely that the evidence be sufficient to warrant a finding, and it does not specify the evidence be physical rather than testimonial. Accordingly, Missouri courts have found sufficient evidence to comply with the requirements of Section 558.021.1(2) through testimony by a court clerk or prosecutor narrating prior court records. See, e.g., State v. Taylor, 373 S.W.3d 513, 526 (Mo. App. E.D. 2012) (prosecutor read into record defendant's prior convictions from case files without admitting physical copies, which was sufficient evidence to prove defendant's status as prior and persistent drug offender); State v. Johnson, 150 S.W.3d 132, 137 (Mo. App. E.D. 2004) (affirming trial court's prior-offender finding when court clerk testified to defendant's prior

---

**5.** Further statutory references shall be to RSMo (Cum. Supp. 2016), unless otherwise noted.

conviction by reading from official court file present in courtroom); State v. Quinn, 717 S.W.2d 262, 265-66 (Mo. App. S.D. 1986) (finding sufficient evidence to support prior-and-persistent-offender status where court clerk testified to content of records physically present in court, although records themselves were not admitted).

Here, the State presented the court clerk's testimony, who read from JIS records on a computer screen rather than from a physical document, that Ralph had pleaded guilty in 2014 to a felony in Cause No. 1322-CR01218 and had pleaded guilty in 2008 to a felony in Cause No. 1522-CR01416. Ralph relies on this Court's 2004 decision in Johnson, 150 S.W.3d 132, to argue that the State cannot establish a prior conviction solely through a court clerk's testimony narrating court files from a computer screen unless the official court file or a certified physical copy is present in the courtroom and capable of being examined. Id. at 137.[6] The State relies on Section 490.130 to argue that because electronic records contained in a statewide court automated record-keeping system, like JIS, are admissible without certifica-

tion, testimony describing those electronic records are sufficient without physical printouts. In this case of first impression, we agree with the State.

Section 490.130 provides that "[r]ecords of proceedings of any court of this state contained within any statewide court automated record-keeping system established by the supreme court shall be received as evidence of the acts or proceedings in any court of this state without further certification of the clerk, provided that the location from which such records are obtained is disclosed to the opposing party." JIS records are electronic and can be "received as evidence" by a trial court only via a printout or oral description of the digital image.

Here, the court clerk's testimonial evidence reading the 2014 and 2008 convictions from JIS was sufficient to establish Ralph's prior convictions, allowing the trial court to find beyond a reasonable doubt that he was a prior offender and persistent offender. See Section 558.021.1(2). There is no allegation before us that the JIS records were inaccurate, that the court clerk was not qualified to testify to the JIS records, or that the State had not convicted Ralph of these two prior felonies.[7]

**6.** In Johnson, the State offered the testimony of a court clerk to prove the defendant's prior-and-persistent-offender status. 150 S.W.3d 132, 134 (Mo. App. E.D. 2004). The clerk testified to Johnson's 1998 conviction, using the official court file in her possession in the courtroom. She also testified to Johnson's 1992 conviction by reading from the minutes that she accessed via the "circuit court's computer system"; she acknowledged the official court file was in storage and she did not have a hard copy with her in the courtroom. Id. at 134-35. This Court held the trial court properly took judicial notice of Johnson's 1998 conviction because the court file was physically before the court and capable of being examined. Id. at 137. Conversely, this Court then held the trial court erred in taking judicial notice of the 1992 conviction where "neither a certified copy of the judgment nor the court

file was physically before the trial court," noting that "a fact judicially noticed must have independent reliability and trustworthiness." Id.

**7.** The record demonstrates only that the court clerk was testifying from JIS. We do not know if she was reading from the digital image of the sentence and judgment or from a summary elsewhere in JIS. If she was reading from the digital image of the document, then for the 2014 conviction she was reading from the official court record. Missouri Rule of Civil Procedure 103.03(a), which was adopted in 2011, states that the digital entry of a document is now the official court record. Thus, the court clerk's testimony from the digital image is admissible under the theory set forth in Taylor, Johnson, and Quinn, that testimony from the official court record pres-

Although Ralph relies on this Court's 2004 decision in Johnson, we note Johnson predated the 22nd Judicial Circuit Court's 2006 adoption of JIS. Thus, in Johnson, when the court clerk read from the "circuit court's computer system," she was not reading from a statewide court automated record-keeping system established by the supreme court. Because the trial court in Johnson did not receive evidence from JIS, this Court on appeal had no reason to— and did not—discuss Section 490.130, which sets forth the procedure for admitting records stored in JIS. Because the trial court here received sufficient evidence under Section 490.130 via the court clerk's oral testimony reading Ralph's prior convictions from JIS on the clerk's computer screen, the trial court did not err in finding him to be a prior and persistent offender.[8] Point denied.

### Conclusion

The judgment and sentence of the trial court is affirmed.

James M. Dowd, P.J., concurs.

Kurt S. Odenwald, J., concurs.

ent in the courtroom is sufficient evidence to comply with the requirements of Section 558.021.1(2). See State v. Taylor, 373 S.W.3d 513, 526 (Mo. App. E.D. 2012): State v. Johnson, 150 S.W.3d 132, 137 (Mo. App. E.D. 2004): State v. Quinn, 717 S.W.2d 262, 265-66 (Mo. App. S.D. 1986). As for Ralph's 2008 conviction, unless the clerk's office had scanned the 2008 judgment and sentence into JIS as permitted by Rule 103.03(b) in 2011, JIS would not show a digital image of the official court record. See Rule 103.03(b) ("If a court digitizes, records, scans, or otherwise reproduces a document that is filed in paper into an electronic record, ... the electronic record ... is the official court record."). Nevertheless, the clerk's testimony from JIS here was sufficient evidence to establish Ralph's prior convictions under Section 558.021.1(2).

8. While there is no clear error here, it is by far the better practice for the State to also introduce a physical printout of the JIS record testified to before the trial court, for the purposes of creating an exact record for appellate review of what the clerk testified to. Section 490.130 does not require certification of this document. We cannot delineate all the problems associated with relying solely on oral testimony narrating JIS records, but suffice it to say a clerk may not even have access to JIS if it is temporarily unavailable.