

# Missouri Court of Appeals

### Southern District

### Division Two

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| vs. | ) | No. SD35980 |
| | ) | |
| JUSTIN P. GILLER, | ) | FILED: June 29, 2020 |
| | ) | |
| Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF PHELPS COUNTY

Honorable John D. Beger, Judge

## **AFFIRMED**

Justin Giller appeals a felony conviction, challenging only the persistent-offender finding on a theory that Case.net proof of prior convictions[1] cannot be

---

[1] *See* www.courts.mo.gov/casenet, which Giller accurately describes as "the electronic, automated case management system for Missouri courts." The colloquy quoted by Giller follows:

> [PROSECUTOR]: Judge. We're asking for the Court to take judicial notice of the first two cases, 14TE-CR00675 [and]...
>
> THE COURT: 14TE-CR-- go ahead.
>
> [PROSECUTOR]: 00675-01.
>
> THE COURT: Case.net indicates the Defendant in that case was Justin P. Giller, date of birth 9/11 of '91 and that he entered an Alford plea on April 14 of 2015 to the Class C, under the prior criminal code, the felony of burglary in the second degree and was sentenced to two years in the Department of Corrections.
>
> [PROSECUTOR]: Is there -- I'm sorry, Judge. Is there an offense date in the documents?

judicially noticed unless it is "presented either through the testimony of a sworn witness or through properly authenticated physical printouts." He did not raise this objection at trial, now claims plain error, but shows no manifest injustice or miscarriage of justice. Rather, Giller:

- acknowledges RSMo § 490.130, under which court records in a statewide court automated recordkeeping system established by our supreme court are admissible in our courts without further certification;[2]

- does not dispute that § 490.130 covers Case.net records; and

- does not deny his prior convictions or that Case.net shows them.

Point denied. Judgment affirmed.

DANIEL E. SCOTT, P.J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCURS

MARY W. SHEFFIELD, J. – CONCURS

---

THE COURT: One moment. The information indicates that it occurred on or about October 20 of 2014.

[PROSECUTOR]: Thank you, Your Honor…

THE COURT: All right. And your next case?

[PROSECUTOR]: Your Honor, the next case number is 14TE-CR00790. And, Your Honor, we would --

THE COURT: In that case the Defendant is Justin P. Giller, date of birth 9/11 of '91, and it alleges or shows that he entered a -- an Alford plea to burglary in the second degree again on April 14 of 2015. I think both of those were before me. And the date of occurrence is alleged to have been October 16 of 2014.

[PROSECUTOR]: Thank you, Your Honor. Based on those records, the State would ask for the Court the find that the Defendant is beyond a reasonable doubt a prior and persistent felony offender.

[2] To the extent the trial judge read e-filed or digitized Case.net documents, as the quoted colloquy suggests, he was reading official court records. Rule 103.03; *State v. Ralph*, 521 S.W.3d 673, 679 n.7 (Mo.App. 2017).